## Timothy Enright, Jr., Appellee, v. Toledo, Peoria & Western Railway Company, Appellant.

MEASURE OF DAMAGES—*in action for destruction of growing crops.* In such a case the proper measure of damages is the rental value of the ground together with the reasonable value of the seed and labor expended in bringing the crop to the point at which it was destroyed, and it is error to adopt as the measure in such a case damages predicated upon the amount of corn that might have been raised upon the land during the period in question with its price or prices in the fall or falls following maturity.

Action in case. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this

Enright v. T., P. & W. Ry. Co., 158 Ill. App. 323.

court at the May term, 1909.   Reversed and remanded.   Opinion filed October 18, 1910.

STEVENS, MILLER & ELLIOTT and BARRY & MORRISSEY, for appellant.

D. D. DONAHUE and J. F. BOSWORTH, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant for the recovery of damages for the destruction of growing crops by being drowned out through the alleged negligence or misconduct of appellant in the destruction of certain tile across the right of way of appellant company which drained appellee's land at the point where the injury is complained of.

Trial below resulted in a verdict and judgment against appellant for $300.   This appeal is prosecuted to reverse that judgment.

The record discloses that some twelve or fifteen years ago, a definite time not being ascertained, the father of appellee constructed a tile drain across the right of way of appellant with the permission of appellant.   This tile was laid a part of the way under a bridge under appellant's track.   A number of years after this tile was laid appellant removed the bridge and placed an iron pipe in its place for the purpose of permitting the surface water to pass through the embankment of appellant's right of way; this iron piping was placed an inch or two above the surface of the ground at this point and the embankment filled in over it.   For five or six years thereafter no complaint was made and no damages occasioned, but after the expiration of some five or six years the tile, in some way, ceased or refused to act and as a consequence water accumulated at certain times upon the land then farmed by appellee.

This action is for the recovery of the destruction of three crops of corn, during the years 1903, '04 and '05. Appellee is a lessee of the land and the first complaint

of destruction of any crop is for the year 1903, when it is alleged about one acre was destroyed. For the succeeding years it is insisted considerable more damage was caused. The iron piping, according to appellee's testimony, was put in from four to six years before any damage occurred, and the injury is alleged or claimed to have been caused by the settling of this iron pipe and by reason of the settling, crushing and destroying the tile and thus preventing its operation.

The record further discloses that the tile, extending from the end of the iron pipe laid by appellant, and which extended for a considerable distance out into and across the right of way towards the land which appellee was farming, as well as that under the embankment, was crushed and broken and in such condition that water would not pass through it, and there is no contention that appellant was responsible in any way for the condition that existed away from the iron piping and embankment; appellee does not contend that this condition was brought about in any manner, or could any obstruction at this place have been brought about by reason of the alleged settling of the iron piping.

The record further discloses that the iron piping always remained an inch or two above the surface of the ground and there is no evidence in the record that the crushing or damaging, the injury of the tile, was caused by the settling of this pipe. There is no attempt on the part of appellee to account for the breaking or destruction of the tile away from the embankment and the iron piping. This tile had been in the ground some twelve or fifteen years, or more, and the fact that it was crushed and broken at other places than under the iron piping and embankment would indicate that some other cause brought about the destruction of the tile.

Upon the trial of this cause appellee insisted, and the court permitted him to show, as a measure of damages, the estimated value of the crop, if it had ma-

tured and had been gathered in the fall. The amount
of grain that could have been raised was merely con-
jecture. Appellee was also permitted to show the price
of grain in the fall, over objection of appellant. The
record discloses that the corn was destroyed in the
spring of the year, when it was not to exceed six to
eight inches in height and at this time it was of no
market value whatever. The proper measure of dam-
ages in a case of this character is the rental value of
the ground together with the reasonable value of the
seed and labor expended in bringing the crop to the
point at which it was destroyed; and the trial court
erred in adopting as a measure of damages the amount
of corn that might have been raised on this land for
three years, with its price in the following fall after
maturity.

The instructions in the case given by the court upon
behalf of appellee followed the evidence of the meas-
ure of damages permitted by the court; consequently
the court erred in giving these instructions and for
these errors the judgment of the trial court is reversed
and the cause remanded.

*Reversed and remanded.*